■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCCO BELVEDERE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 12, 1973, convicting him of petit larceny, upon a jury verdict, and imposing a fine of $1,000. Judgment reversed, on the law and the facts, and second count dismissed. Fine ordered remitted. Defendant, who had worked for the *New York Daily News* for approximately 23 years and was a route man, was charged with larceny of the company's newspapers. The first count of the indictment charged grand larceny in the third degree, committed between September 11, 1970 and March 18, 1971. The second and third counts charged petit larceny, committed on September 26, 1970 and March 10, 1971. The jury acquitted defendant of the first and third counts. In our opinion, the evidence as to the second count was insufficient to establish a prima facie case and did not establish guilt beyond a reasonable doubt. The evidence as to the second count primarily consisted of testimony that on September 26, 1970 defendant delivered 300 newspapers over that authorized to each of two newsstands. However, the record does not establish the quantity delivered by defendant to the other dealers on his route and it is conceded that the *Daily News* was paid by defendant for all the newspapers he was authorized to deliver. In view of appellant's explanation that the excess deliveries were only of newspapers lawfully delivered to him but diverted by him from other dealers as part of innocent, good faith route delivery manipulation, the People did not establish a prima facie case, much less defendant's guilt beyond a reasonable doubt. In view of the complexity of the evidence, we do not find that the trial court's running attempt to "simplify" the issues, and its other allegedly improper comments, were prejudicial. We particularly note that the trial court ultimately grasped and fairly stated the defense contentions. Were we not reversing the conviction and dismissing the second count, we would reduce the fine to $250. The wholesale value of the newspapers referred to in that count was $45.60, yet the court imposed a $1,000 fine on the misapprehension that defendant had been convicted of stealing 11,000 newspapers. Further, defendant had no prior arrest record and, as above stated, had worked for the *Daily News* for approximately 23 years. He had a family and had already lost his job and his seniority and pension rights. His wife had been hospitalized with a serious illness. Under the circumstances, the $1,000 fine was excessive. Latham, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.